**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JIMMIE LAZENBERRY,

                Plaintiff,

                                                Case No. 3:16-cv-396-J-34JRK

vs.

COLLECTION AGENCIES,

                Defendant.
_____/

## AMENDED[1] REPORT AND RECOMMENDATION[2]

This cause is before the Court on pro se Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (Doc. No. 3) that the Court construes as a Motion to Proceed In Forma Pauperis pursuant to 28 U.S.C. § 1915 ("Motion"), filed April 8, 2016. Upon review of the file, the undersigned recommends that the Motion be denied and the case be dismissed without prejudice.

A court receiving an application to proceed in forma pauperis must dismiss the case sua sponte if it determines that the action "is frivolous or malicious" or if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous when it lacks arguable merit in either law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Mitchell v.

---

[1] This Amended Report and Recommendation is entered in light of Plaintiff's unlabeled document (Doc. No. 8), filed June 13, 2016, that the undersigned construes as an amended complaint. The previous Report and Recommendation (Doc. No. 7), entered June 8, 2016, was vacated on June 14, 2016. See Order (Doc. No. 9).

[2] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." Id. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1315 (11th Cir. 2002). Although "pro se pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally," Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008) (citation omitted), a court is under no duty to "re-write" a plaintiff's complaint to find a claim, Peterson v. Atlanta Hous. Auth., 998 F.2d 904, 912 (11th Cir. 1993).

Plaintiff initiated this case on April 1, 2016 by filing a complaint (Doc. No. 1; "Complaint"). The only defendants named in the Complaint were "Collection Agencies," and essentially the entire one-page handwritten Complaint consisted of the following "Brief Description of Cause": "Collection agencies have been found at fault of using personal credit information without consumer consent, personal, and financial information without consumers' permission." Complaint at 1 (some capitalization omitted and spelling errors corrected).

On April 12, 2016, the undersigned entered an Order (Doc. No. 4), taking the instant Motion under advisement and stating that Plaintiff's Complaint was likely subject to dismissal because it was frivolous. See Order at 1-2. Plaintiff, therefore, was directed to file an amended complaint by May 12, 2016 to maintain this action. Id. at 3. When Plaintiff failed to respond in any way to the April 12, 2016 Order, the undersigned entered an Order to Show Cause (Doc. No. 5) on May 18, 2016. Plaintiff was directed to file a written show cause response no later than June 3, 2016, "stating why the undersigned should not recommend that this matter be dismissed without prejudice for failure to prosecute." Order to Show Cause at 1. Plaintiff was also directed to comply with the April 12, 2016 Order by June 3, 2016, and he was warned that failure to respond by June 3, 2016 would result in a recommendation of dismissal without further notice. Id. at 1-2.

On May 26, 2016, Plaintiff filed an unlabeled, handwritten document (Doc. No. 6), construed as a motion for an extension of time to file an amended complaint,[3] and Plaintiff then filed another unlabeled document (Doc. No. 8) on June 13, 2016, construed as an amended complaint ("Amended Complaint" or "Am. Compl.").[4]  The motion for an extension was then granted on June 14, 2016, and the Amended Complaint was accepted as filed.  See Order (Doc. No. 9).

The Amended Complaint asserts generally that "collection agencies ha[ve] been found at fault of false collection scams that lead to tuition fraud."  Am. Compl. at 1 (some capitalization omitted and spelling errors corrected).  Plaintiff states in the Amended Complaint that he "feels he's a victim of a collection agency[']s fraud, scam."  Id. at 2 (some capitalization omitted).  He claims he "has found all creditors at fault of misusing personal information and without consumer consent," and he asserts he "has proof of collection agency fraud but need[s] complaint forma [sic] so he can file a Chapter 7."  Id. at 2, 3 (some capitalization omitted and spelling errors corrected).  Plaintiff states that he "is disputing all creditor[s] at this time."  Id. at 3 (some capitalization omitted).  In addition, he provides the address for Consumer Fraud Assistance at Experian, a credit reporting company, and he "ask[s] that nationwide consumer reporting agencies place [a] fraud alert on this case."  Id. at 2 (some capitalization omitted and spelling errors corrected).  Attached to the Amended Complaint is

---

[3]  In a Report and Recommendation entered on June 8, 2016, the undersigned construed this document as an Amended Complaint, even though the document states, "Plaintiff[] is requesting to file a[n] Amended Complaint . . . ," Doc. No. 6, at 1; Report and Recommendation at 2.  As noted above, the undersigned entered an Order (Doc. No. 9) on June 14, 2016, vacating the June 8, 2016 Report and Recommendation and construing Plaintiff's unlabeled May 26, 2016 document (Doc. No. 6) as a motion for extension of time to file an amended complaint.

[4]  Citations to the Amended Complaint and attachments refer to the page numbers assigned by the Court's Electronic Case Filing System.

Plaintiff's credit report from Experian, listing a number of debts. See Doc. No. 8-1, at 1-23. Beside some of these debts is the handwritten notation, "Dispute." Id. at 12-18.

Upon review, the undersigned finds that Plaintiff's case is appropriately dismissed for frivolity and failure to state a claim. Despite being given ample opportunity to amend his pleading, Plaintiff has failed to include any factual allegations regarding particular collection agencies or the nature of their alleged fraud or scam. Construed liberally, the Amended Complaint fails to raise a plausible inference to support any claims. Accordingly, it is

**RECOMMENDED THAT**:

1. The Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 3), construed as a Motion to Proceed In Forma Pauperis, be **DENIED**.

2. This case be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B).

3. The Clerk be directed to terminate all pending motions and to close the file.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on June 16, 2016.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

clr
Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Pro se party